IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD BENJAMIN, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. RDB-16-0829 |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Pending is Leonard Benjamin's ("Benjamin") Complaint (styled a "Motion for the Retrieval of Unforfeited Personal Property Pursuant to Title 18 U.S.C. Section 983") requesting to set aside an administrative forfeiture. (ECF 1). The Government filed a Response (ECF 6) to which Benjamin filed a Reply. (ECF 10).

The matter is fully briefed and ready for disposition. This Court finds a hearing is unnecessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2016). For reasons to follow, Benjamin's Motion (ECF 1) will be DENIED AND DISMISSED WITH PREJUDICE.

### BACKGROUND

Benjamin seeks to set aside the administrative forfeiture of jewelry seized from his house incident to his arrest in Bowie, Maryland on February 7, 2014, by the Drug Enforcement Agency. ("DEA"). On July 11, 2014, Benjamin pleaded guilty to Conspiracy to Distribute and Possession with Intent to Distribute one kilogram or more of heroin, in violation of 21 U.S.C. §846. *United States v. Benjamin,* Criminal Action No. RDB-14-00048 (D. Md. 2014). On October 23, 2014, this Court sentenced Benjamin to a term of 228 months imprisonment.

Benjamin claims the seized jewelry was a gift given to him by family and is unconnected to his criminal activity. (ECF 1, 10). Further, Benjamin argues forfeiting the jewelry was not a part of his plea agreement. He notes that the plea agreement stipulated he forfeited $39,387.00 in U.S. currency seized on February 7, 2014, but was silent about the seized jewelry. (ECF 1 at 3). He also explains that he had instructed his defense counsel to "do everything in his power" to ensure he retained the jewelry. (ECF 10 at 2).

## NOTIFICATION OF FORFEITURE

Verified and undisputed records submitted by government counsel show that on April 1, 2014, the DEA sent notice of the seizure and administrative forfeiture proceedings by certified mail, return receipt requested, to Benjamin addressed to 154 Mount Oak Road, Bowie, Maryland. (ECF 6-1 Declaration of Vicki L. Rashid, ("Rashid Decl.") at ¶¶ 4(b)-(g)). On April 2, 2014, an individual, "M. Franklin," signed the signature block to signify acceptance of delivery of the notice. (Resp. Exhibits 1, 2).

Additionally, on April 1, 2014, the DEA sent written notice of the seizure by certified mail, return receipt requested, addressed to Benjamin, Prisoner ID No. 422470, Chesapeake Detention Facility, 401 East Madison Street, Baltimore, M.D. 21202. On April 3, 3014, an individual, "E Cheatman" signed the signature block to accept delivery of the notice. (Resp. Exhibits 3, 4).

The notices sent to Benjamin informed him of the administrative proceedings against the seized property and his corresponding rights. Specifically, the notice identified the seized jewelry and explained his options, including: filing a petition for remission of forfeiture within 30 days from receipt of the notice or filing a claim by May 6, 2014. (Rashid Decl. at ¶¶ 4(b) & (c), Resp. Exhibits 1-4). The Notice reads in part:

> You may petition the DEA for return of the property or your interest in the property (remission or mitigation) and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

*Id.* (emphasis in original). The Notice also contained a section detailing the procedure for requesting remission or mitigation of the forfeiture. *Id.* This section explained:

> If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice.

*Id.* (emphasis in original).) Additionally, the Notice contained a section entitled "TO CONTEST THE FORFEITURE," which provided:

> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **May 6, 2014**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)).

*Id.* (emphasis in original).

Notice of the seizure and administrative forfeiture proceedings was published on an official internet government forfeiture website for 30 consecutive days beginning on April 14, 2014, and ending on May 13, 2014. (Rashid Decl. at ¶ 4(h), Resp. Exhibit 13). The published notice explained the options to file a petition for remission or mitigation of forfeiture or to file a claim as well as the applicable filing deadlines. *Id.*

Benjamin filed no claims or petitions before the expiration of the filing period. Consequently, the DEA administratively forfeited the seized jewelry, valued at $103,900.00 to the United States pursuant to 19 U.S.C. §1609. (Rashid Decl. at ¶ 4(i), Exhibit 14).

## DISCUSSION

This Court must grant an interested party's motion to set aside a nonjudicial civil forfeiture if he lacked notice and (1) "the [g]overnment knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice," and (2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1). Actual notice is not required; rather, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties." The government bears the burden of proving adequate notice. *See Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *United States v. Minor*, 228 F.3d 352, 358 (4th Cir. 2000); *Brown v. United States*, 2012 WL 2370120, *3 (D. Md. June 20, 2012).

"'The fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citation omitted). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* The notice must convey all required information and provide sufficient time for interested persons to respond. *Id.* Although due process does not demand heroic efforts by the Government or actual notice, *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002), it does require more than "mere gesture[s]," *Mullane*, 339 U.S. at 315.

Of import here, Benjamin advances no allegation of insufficient or improper notice. He appears to indicate the Government's notifications resulted in actual notice to him. (ECF 1 at 2). He does not dispute the Government sent notices addressed to him at two different locations,

4

published notice to the general public, and administratively forfeited the seized property only after all claim deadlines had expired and no claims were failed. Benjamin states generally in his reply that the notice he received "including the language contained therein and the manner in which it was processed violated his due process rights guaranteed by the United States Constitution." (ECF 10). More specifically, he avers the jewelry should be returned because it was not part of the plea agreement or the criminal case. (ECF 1 at 3-4, 7; ECF 10 at 2).

The Government states in its Response that the seized jewelry was subject to administrative forfeiture proceedings which became final on June 26, 2014, prior to entry of Benjamin's plea.[1] Thus, there was no need to include the jewelry in the plea agreement or the criminal case. If Benjamin faults his counsel, he may seek other redress as may be appropriate. He may not set aside a final administrative forfeiture for the reasons presented here.[2]

## CONCLUSION

For these reasons, the case will be DENIED and DISMISSED with prejudice by separate Order to follow.

August 27, 2016
Date

*Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Property involved in violations of the Controlled Substances Act are subject to forfeiture to the United States. 21 U.S.C. § 881; *see also* 19 U.S.C. §§ 1602–1618. For assets valued at $500,000 or less, the United States may pursue forfeiture through either an administrative or a judicial forfeiture proceeding. *See United States v. Minor*, 228 F.3d 352, 354 (4th Cir. 2000); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

[2] Insofar as Benjamin intends to file a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g), motions under Fed.R.Crim.P. 41(g) are appropriate only where the property has not yet been forfeited to the government. *See e.g. United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).